IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RBC Bank USA, | ) | Civil Action No.: 4:11-cv-00124-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Thomas Darin Epps, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-10 et seq.  In its [Docket Entry 1] Complaint, Plaintiff alleged causes of action against all Defendants for violation of 18 U.S.C. § 1962(c) (Racketeering), violation of 18 U.S.C. § 1962(d) (conspiracy to commit racketeering activity), and violation of the SCUTPA.

On March 25, 2011, Defendant David L. Bridges, Jr., ("Defendant Bridges") filed his [Docket Entry 45] Motion to Dismiss, along with a memorandum in support, [Docket Entry 45-1]. Thereafter, on April 21, 2011, Plaintiff filed its [Docket Entry 74] Response in Opposition to the Motion to Dismiss.

This matter is now before the court with the [Docket Entry 128] Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III,[1] filed on February 3, 2012.  In his R&R, the Magistrate Judge recommended that Defendant Bridges' Motion to Dismiss should be denied as to the two (2) RICO counts and granted as to the SCUTPA count. (*See* R&R at 8.) Plaintiff timely filed [Docket Entry 133] Objections to the R&R on February 17, 2012.  Defendant

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 73.02(B)(2)(e), D.S.C.

Bridges did not file any objections.

## Factual Allegations

Plaintiff alleges that in 2008 it extended loans to twenty-four (24) borrowers, each of whom ostensibly sought either to acquire or to refinance residential property located in the Myrtle Beach (South Carolina) area. Further, Plaintiff alleges that, in reality, the borrowers were either participants in an elaborate mortgage fraud scheme or "straw buyers" recruited to participate in such a scheme. According to Plaintiff, each of the Defendants participated in the scheme in one or more of several ways, including finding "straw buyers" and matching those buyers with available properties. Moreover, Plaintiff alleges that some Defendants participated by ensuring the Enterprise's[2] ability to profit from the scheme. For example, Plaintiff alleges that the sellers, including those Defendants labeled by Plaintiff as "Developer Defendants," either shared a portion of the sale proceeds with their co-conspirators after closing or authorized disbursements at closing directly to corporations controlled by participants in the scheme. Plaintiff's Complaint identifies Defendant Bridges as one of the "Developer Defendants." (Compl. ¶ 37.) As to those "Developer Defendants," Plaintiff specifically alleges the following:

> The Developer Defendants . . . participated in the Enterprise by knowingly participating in the sale of properties to straw buyers for substantially more than the fair market value of the properties. The Developer Defendants either received the fraudulently obtained funds directly at closing and then distributed portions of the stolen funds as kickbacks to other members of the Enterprise . . . or allowed huge sums to be siphoned off directly at closing to other members of the Enterprise . . . .

(*Id.* ¶ 53p.) Defendant Bridges, himself, is mentioned in three (3) paragraphs in the Complaint:

> 37. Defendant DAVID L. BRIDGES, JR., is a citizen and resident of South Carolina

---

[2] The Complaint identifies the "Enterprise" as "[t]he organization and the individuals who associated with it for criminal purposes." (Compl. ¶ 50.)

whose last known address is 418 Cabo Loop, Myrtle Beach, South Carolina 29577. Defendant DAVID BRIDGES is the owner of and conducts business as BRIDGES CUSTOM HOMES, LLC, a South Carolina limited liability company.

. . . .

93. On or about August 19, 2008, individuals named William and Susan Collum sold 987 Shipmaster Ave. in Myrtle Beach, South Carolina to a straw buyer from Colorado named Zhorzhik Barakozian for $749,000. The property was listed for sale in the MLS several times between January 2007 and May 2008 at various prices between a low of $420,000 and a high of $529,000. The Collums, nominally the sellers of this property, were also victims of the Enterprise. All aspects of this sale were handled for the sellers by Defendant DAVID BRIDGES, the developer who built 987 Shipmaster and who convinced the Collums to purchase the property initially. BRIDGES is related to the Collums by marriage. The deed from the Collums to straw buyer Barakozian was signed by BRIDGES as attorney-in-fact for the Collums.

94. JOSEPH GRAY, EASON and others, working with BARFIELD and other co-conspirators, obtained an inflated appraisal that overvalued the property by almost $350,000. The closing was conducted by Hedesh. MCCAFFREY and BELLE TERRE performed the title work and prepared the HUD-1. Upon information and belief, Hedesh, MCCAFFREY and BELLE TERRE allowed this loan to close without obtaining from Zhorzik Barakovian the required $75,357 payment the HUD-1 showed Barakozian making. This required buyers' payment was either not made at all, was made be one of the co-conspirators, or was made by one of the co-conspirators after closing from the loan proceeds. Defendant BRIDGES permitted over $300,000 of the seller's proceeds to be paid as a kickback directly from the closing to Defendants MCCAFFREY and EASON, in the form of a $311,020 payment to PRODIGY, even though neither MCCAFFREY, EASON nor PRODIGY had performed any legitimate services that would have entitled them to these payments. Upon information and belief, MCCAFFREY and/or EASON then distributed these stolen funds to other members of the Enterprise. EASON paid a kickback of $6,000 to BARFIELD on or about September 11, 2008 by way of a check drawn on JJE ENTERPRISES' bank account. As a direct result of the fraudulent activities of the Enterprise, RBC loaned straw buyer Barakozian $674,000 to purchase this property. RBC received ten (10) payments on this loan from at least five (5) different bank accounts in the names of Sandro Karmryan (4), Aleksandr Boychuk DBA Alex Trucking (2), Aleksandr Boychuk (1) and Barakozian (4). Several of these accounts, including the one in the name of Karmryan, were used to make payments on the Boychuk loan (see paragraph 79[]) as well. The loan then went into default. RBC has suffered an estimated loss on this transaction of $408,324.

(*Id.* ¶¶ 37, 93-94.)

## Standard of Review of Magistrate Judges' R&R

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Rule 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this

standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Discussion

I.     Counts One and Two – RICO

As an initial matter in the R&R, the Magistrate Judge recommended that the court should deny Defendant Bridges' Motion to Dismiss as to the two (2) RICO counts–Count One and Count Two in the Complaint. (*See* R&R at 6-7.) Defendant Bridges did not file any objections to the R&R. Thus, after reviewing the face of the record for clear error and finding none, the court shall adopt this recommendation of the Magistrate Judge. *See Diamond*, 416 F.3d at 315.

II.      Count Three – SCUTPA

As to Count Three, the Magistrate Judge did conclude that Defendant Bridges' Motion to Dismiss should be granted as to the SCUTPA claim. Plaintiff specifically objected to this recommendation.

To establish a claim under SCUTPA, a "plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Wright v. Craft*, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006) (citing S.C. Code Ann. §§ 39-5-10 to 560). "An impact on the public interest may be shown if the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004) (citations omitted). "The potential for repetition may be demonstrated in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the [defendant's] procedures create a potential for repetition of the unfair and deceptive acts." *Wright*, 640 S.E.2d at 502. However, "[t]hese two ways are not the only means for showing the potential for repetition or public impact, and each case must be evaluated on its own merits to determine what a plaintiff must show to satisfy the potential for repetition/public impact prong of the UTPA." *Id.* (citing *Daisy Outdoor Adver. Co. v. Abbott*, 473 S.E.2d 47, 51 (S.C. 1996)).

Here, the Magistrate Judge concluded that Plaintiff failed to allege that the acts complained of affected the public interest. However, Plaintiff argues in its Objections, and the undersigned

ultimately agrees, that Plaintiff did sufficiently plead an impact on the public interest.[3] The Complaint specifically alleges that Defendants' acts are capable of repetition. (Compl. ¶ 112.) Moreover, Plaintiff's Complaint alleges that the "Enterprise," comprised of Defendant Bridges and the other alleged co-conspirator defendants, repeated the same pattern of conduct on twenty-four (24) separate occasions, with Defendant Bridges alleged to have knowingly signed a false HUD-1 on one (1) of those twenty-four (24) occasions. Further, Plaintiff argues that the actions of Defendant Bridges, as alleged in paragraphs ninety-three (93) and ninety-four (94) of the Complaint, violated multiple, federal criminal statutes. Upon review, for purposes of a 12(b)(6) motion, the court concludes that Plaintiff has sufficiently pled a SCUTPA claim plausible on its face. Therefore, Defendant Bridges' Rule 12(b)(6) Motion to Dismiss is denied.

## Conclusion

After a thorough review of the record, including the Magistrate Judge's R&R and Plaintiff's Objections, and the applicable law, the court adopts the Magistrate Judge's R&R in part. The R&R is adopted insofar as the Magistrate Judge recommends denying the Motion to Dismiss as to Counts One and Two, and the court respectfully declines to adopt the R&R insofar as it recommends granting the Motion to Dismiss as to Count Three. Accordingly, it is therefore **ORDERED** that Defendant Bridges' Motion to Dismiss is hereby **DENIED.**

    IT IS SO ORDERED.

                                s/R. Bryan Harwell
                                R. Bryan Harwell
                                United States District Judge

Florence, South Carolina
March 9, 2012

---

[3] Accordingly, the undersigned respectfully declines to adopt the Magistrate Judge's recommendation that Defendant Bridges' Motion to Dismiss should be granted as to the SCUTPA claim.