UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RBC BANK (USA), | Civil Action No.: 4:11-cv-0124-RBH-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| THOMAS DARIN EPPS, et al; | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff brings this action pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, and the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. § 39-5-10 et seq. Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 109) as to Defendants Dunes Mortgage LLC, Jeremy Eason, Thomas Darin Epps, Malia McCaffrey, Zereko Nevada Inc., Casa Mia Inc., East Coast Funding LLC, Theresa Feschuk, JJE Enterprises LLC, Lindbrandt LLC, MAJ LLC, Prodigy Consulting LLC, Alissa Smith, Linda L. Steele, Synergy Investment Group LLC, West Coast Funding LLC, ZAG LLC, Billy James Barfield, Youval Geringer, David Thomas Hix, Jr., Myrtle Beach Villas LLC, and Mike Wimberly. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this Motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

On January 22, 2011, the Plaintiff served the Summons and Complaint upon defendants Dunes Mortgage LLC, Jeremy Eason, Thomas Darin Epps, and Malia McCaffrey. On February 16,

2011, the Plaintiff filed a Request for Entry of Default against these defendants. On March 8, 2011, the Clerk entered a default as to these Defendants. See Affidavit of Service (Document # 15); Request for Entry of Default (Document # 27); Clerk's Entry of Default (Document # 29).

On January 27, 2011, the Plaintiff served the Summons and Complaint upon defendant Zereko Nevada Inc. On February 23, 2011, the Plaintiff filed a Request for Entry of Default against this Defendant. On March 8, 2011, the Clerk entered a default as to this Defendant. See Affidavit of Service (Document # 15); Request for Entry of Default (Document # 30); Clerk's Entry of Default (Document # 32).

On February 8, 2011, the Plaintiff served the Summons and Complaint upon defendants Linbrandt LLC and Linda L. Steele. On February 9, 2011, the Plaintiff served the Summons and Complaint upon Defendant West Coast Funding LLC. On February 23, 2011, the Plaintiff served the Summons and Complaint upon defendants JJE Enterprises LLC and Prodigy Consulting LLC. On February 24, 2011, the Plaintiff served the Summons and Complaint upon defendants Casa Mia Inc., East Coast Funding LLC, Theresa Feschuk, Alissa Smith, and Synergy Investment Group LLC. On March 1, 2011, the Plaintiff served the Summons and Complaint upon defendants MAJ LLC and ZAG LLC. On April 13, 2011, the Plaintiff filed a Request for Entry of Default against these Defendants. On April 18, 2011, the Clerk entered a default as to these Defendants. See Affidavits of Service (Documents 15, 36, 44); Request for Entry of Default (Document # 64); Clerk's Entry of Default (Document # 68).

On February 9, 2011, the Plaintiff served the Summons and Complaint upon Defendant Billy James Barfield. On April 21, 2011, the Plaintiff filed a Request for Entry of Default against this Defendant. On April 22, 2011, the Clerk entered a default as to this Defendant. See Affidavit of

Service (Document # 15); Request for Entry of Default (Document # 73); Clerk's Entry of Default (Document # 76).

On May 3, 2011, the Plaintiff served the Summons and Complaint upon defendant Youval Geringer. On May 6, 2011, the Plaintiff served the Summons and Complaint upon defendant Mike Wimberly. On May 7, 2011, the Plaintiff served the Summons and Complaint upon defendants David Thomas Hix, Jr. and Myrtle Beach Villas LLC. On June 7, 2011, the Plaintiff filed a Request for Entry of Default against these Defendants. On July 12, 2011, the Clerk entered a default as to these Defendants. See Affidavit of Service (Document # 87); Request for Entry of Default (Document # 95); Clerk's Entry of Default (Document # 102).

In addition to these Defendants, Plaintiff has also served seventeen other Defendants, each of whom filed Answers. Thirteen of those Defendants have since been dismissed from this action.

## III.  DISCUSSION

Plaintiff moves for default judgment pursuant to Rule 55(b), Fed.R.Civ.P. However, because several Defendants have answered and their liability has not yet been resolved, the determination of whether default judgment is proper as to Defendants set forth above must be made in light of Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872) and Rule 54(b), Fed.R.Civ.P.

In Frow, the plaintiff alleged that fourteen defendants conspired to defraud him. After initial entry of default judgment against the non-appearing defendants, the trial court subsequently found in favor of the remaining defendants that no fraud had occurred. The Supreme Court found the result to be "unseemly and absurd." Id. at 554. The Supreme Court reversed the result, noting,

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the

other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike--the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id.

Rule 54(b), Fed.R.Civ.P., provides that

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Id.

Frow's vitality has been questioned since the adoption of Rule 54(b). However, "although many jurisdictions have construed Frow to bar entry of default judgment against one of several defendants only if the theory of recovery is one for true joint and several liability, the Fourth Circuit has interpreted Frow more broadly." Jefferson v. Briner, Inc., 461 F.Supp.2d 430, 434-35 and n.6 (E.D.Va. 2006). In United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1962), one defendant answered while another did not. Id. at 943. The district court entered default judgment against the nonresponding party. Id. In holding the default judgment against the nonresponding party to be premature, the Fourth Circuit held,

> Although Frow was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several.

Id. at 944. The Hudson court also noted that Frow applies even when co-defendants are alleged to be "closely interrelated." Id. at 945.

As noted by the district court for the Eastern District of Virginia,

> if Frow still stands for anything, it explicates a cautionary warning to the courts: logically inconsistent judgments resulting from an answering defendant's success on the merits and another defendant's suffering of a default judgment are to be avoided. Thus, the avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide "just reason for delay" within the meaning of Rule 54(b).

Jefferson, 461 F.Supp.2d at 434 (citing Phoenix Renovation Corp. v. Gulf Coast Software, Inc., 197 F.R.D. 580, 582 (E.D.Va.2000)).

Here, Plaintiff alleges that Defendants "and named coconspirators, and others known and unknown to RBC, were members and associates of an organization whose members engaged in, among other things, conspiracy to commit bank fraud, conspiracy to commit wire fraud, conspiracy to launder money, wire fraud, bank fraud and money laundering." Complaint ¶ 50. Plaintiff's allegations address twenty-four real estate transactions. In its Motion for Default Judgment, Plaintiff sets forth the losses for each of the twenty-four transactions as determined by Hayley Webster, a Forensic Accountant in Corporate Investigation Services for the Royal Bank of Canada, the parent of plaintiff RBC Bank (USA). These losses total $11,606,747.40 and Plaintiff seeks treble damages pursuant to 18 U.S.C.A. § 1964, for a total of $34,820,242.20. Plaintiff asserts that all Defendants are jointly and severally liable for the losses arising out of these transactions. Therefore, there appears to be just reason to delay judgment against the defaulting Defendants. The proper path on

which to proceed with regard to the defaulting defendants is to await a final ruling on the merits as to the remaining Defendants before entering any judgment.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 109) be denied as premature.

                     s/Thomas E. Rogers, III
                     Thomas E. Rogers, III
                     United States Magistrate Judge

June 20, 2012
Florence, South Carolina

**The parties are directed to the important information on the following page.**