IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RBC BANK (USA), | ) | Civil Action No.: 4:11-cv-00124-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS DARIN EPPS, DUNES MORTGAGE LLC, SYNERGY INVESTMENT GROUP LLC, JEREMY EASON, JJE ENTERPRISES LLC a/k/a J&J ENTERPRISES, MALIA MCCAFFREY, PRODIGY CONSULTING, LLC, LINDA L. STEELE, LINBRANDT, LLC, JOSEPH GRAY, JACQUELINE GRAY, WEST COAST FUNDING, LLC, THERESA FESCHUK, MAJ, LLC, ZAG, LLC, ALISSA SMITH, EAST COAST FUNDING, LLC, CASA MIA, INC. a/k/a/ CASA MIA DEVELOPMENT, LLC, J&M MORTGAGE SERVICES, INC. a/k/a/ CHALLENGE HOME EQUITY, MIKE WIMBERLY, ZEREKO NEVADA, INC., YOUVAL GERINGER, STONEGATE PROPERTIES, INC., JOHN M. WARNER, JR., WARFIN DEVELOPERS, LLC, THERON FLOYD, TRINITY DEVELOPMENT, LLC, LARRY PROSSER, DUPLEX DEVELOPMENT, INC., JOHN MARKS, ACTION BUILDERS OF MYRTLE BEACH, LLC, DAVID L. BRIDGES, JR., ALVIN H. SHUMAN, MCKEAN PROPERTIES, LLC, DAVID THOMAS HIX, JR., MYRTLE BEACH VILLAS, LLC, DAVID O'CONNELL, JEFFERY TODD SHOUP, ATLANTIS VILLAS OF NMB, LLC, MATTHEW SKINNER, and BILLY JAMES BARFIELD, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court after the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers III.[1] Plaintiff brought this action against numerous defendants pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, and the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 to -170. Plaintiff now moves for entry of default judgment against Defendants Dunes Mortgage LLC, Jeremy Eason, Thomas Darin Epps, Malia McCaffrey, Zereko Nevada Inc., Casa Mia Inc., East Coast Funding LLC, Theresa Feschuk, JJE Enterprises LLC, Lindbrandt LLC, MAJ LLC, Prodigy Consulting LLC, Alissa Smith, Linda L. Steele, Synergy Investment Group LLC, West Coast Funding LLC, ZAG LLC, Billy James Barfield, Youval Geringer, David Thomas Hix Jr., Myrtle Beach Villas LLC, and Mike Wimberly. The Magistrate Judge recommends that the Court deny Plaintiff's motion as premature.

## Factual Background and Procedural History

Plaintiff alleges that in 2008 it extended loans to twenty-four borrowers, each of whom ostensibly sought either to acquire or to refinance residential property located in the Myrtle Beach, South Carolina, area. In reality, Plaintiff claims, the borrowers were either participants in an elaborate mortgage fraud scheme or "straw buyers" recruited to participate. According to Plaintiff, each of the Defendants participated in the scheme in one or more of several ways, including finding "straw buyers" and matching those buyers with available properties. Moreover, Plaintiff complains that some Defendants participated by ensuring the enterprise's ability to profit from the scheme. For example, Plaintiff alleges that the sellers either shared a portion of the sale proceeds with their co-conspirators after closing or authorized disbursements at closing directly to corporations controlled by participants in the scheme. Plaintiff claims defendants are jointly and severally liable

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

and seek damages in excess of $30 million.

Over the course of several months, Plaintiff served a summons and complaint on all defendants. Seventeen defendants answered.[2] The remaining defendants, against whom Plaintiff now seeks an entry of default judgment, never made an appearance. Accordingly Plaintiff requested entries of default against each, and the Clerk of Court entered default.[3] Other than the

---

[2] Thirteen of the answering defendants have subsequently been dismissed from the case.

[3] The timeline, summarized by the Magistrate Judge, is as follows:

> On January 22, 2011, the Plaintiff served the Summons and Complaint upon defendants Dunes Mortgage LLC, Jeremy Eason, Thomas Darin Epps, and Malia McCaffrey. On February 16, 2011, the Plaintiff filed a Request for Entry of Default against these defendants. On March 8, 2011, the Clerk entered a default as to these Defendants.
> On January 27, 2011, the Plaintiff served the Summons and Complaint upon defendant Zereko Nevada Inc. On February 23, 2011, the Plaintiff filed a Request for Entry of Default against this Defendant. On March 8, 2011, the Clerk entered a default as to this Defendant.
> On February 8, 2011, the Plaintiff served the Summons and Complaint upon defendants Linbrandt LLC and Linda L. Steele. On February 9, 2011, the Plaintiff served the Summons and Complaint upon Defendant West Coast Funding LLC. On February 23, 2011, the Plaintiff served the Summons and Complaint upon defendants JJE Enterprises LLC and Prodigy Consulting LLC. On February 24, 2011, the Plaintiff served the Summons and Complaint upon defendants Casa Mia Inc., East Coast Funding LLC, Theresa Feschuk, Alissa Smith, and Synergy Investment Group LLC. On March 1, 2011, the Plaintiff served the Summons and Complaint upon defendants MAJ LLC and ZAG LLC. On April 13, 2011, the Plaintiff filed a Request for Entry of Default against these Defendants. On April 18, 2011, the Clerk entered a default as to these Defendants.
> On February 9, 2011, the Plaintiff served the Summons and Complaint upon Defendant Billy James Barfield. On April 21, 2011, the Plaintiff filed a Request for Entry of Default against this Defendant. On April 22, 2011, the Clerk entered a default as to this Defendant.
> On May 3, 2011, the Plaintiff served the Summons and Complaint upon defendant Youval Geringer. On May 6, 2011, the Plaintiff served the Summons and Complaint upon defendant Mike

twenty-two defendants against whom default judgment is now sought, only three of the original forty-nine defendants remain: Alvin Shuman, McKean Properties, LLC, and Matthew Skinner.

Plaintiff subsequently filed a motion for default judgment against the defaulting defendants on October 7, 2011, attaching an affidavit from Hayley Webster, a forensic accountant, attesting to Plaintiff's losses arising from the defendant's alleged conduct. Mot. for Default J., ECF No. 109. The Magistrate Judge issued his R&R on June 20, 2012, R&R, ECF No. 169, and Plaintiff filed a timely objection. Pl.'s Obj., ECF No. 172.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the

---

> Wimberly. On May 7, 2011, the Plaintiff served the Summons and Complaint upon defendants David Thomas Hix, Jr. and Myrtle Beach Villas LLC. On June 7, 2011, the Plaintiff filed a Request for Entry of Default against these Defendants. On July 12, 2011, the Clerk entered a default as to these Defendants.

R&R 1-3, ECF No. 169 (citations omitted).

recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **Discussion**

The Magistrate Judge recommends denying Plaintiff's motion as premature. Specifically, the Magistrate Judge concludes "there appears to be no just reason to delay judgment against the defaulting Defendants." R&R 5. In objecting to the recommendation, Plaintiff asserts "there is no just reason to delay entry of default judgment against the defaulted defendants in this case." Pl.'s Obj. 4. Plaintiff contends that the rule of *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872),[4] which was relied on by the Magistrate Judge, is not applicable in cases involving joint and several liability where no risk of logically inconsistent judgments exists. Accordingly, Plaintiff argues that a default judgment here would not create such a risk and thus that entry of default judgment is

---

[4] In *Frow*, the Supreme Court held as follows:

> [t]he true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike— the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

82 U.S. (15 Wall.) at 554.

appropriate. The Court, however, disagrees because the amount of damages determined could result in an inconsistency.

After the promulgation of the Federal Rules of Civil Procedure, the Fourth Circuit incorporated *Frow*'s holding into Rule 54(b), which permits a court, in cases involving multiple parties, to direct final judgment against "one or more, but fewer than all," parties only upon an express finding "that there is no just reason for delay." Fed. R. Civ. P. 54(b); s*ee also United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 943-44 (4th Cir. 1967); *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 434 (E.D. Va. 2006). Because of Rule 54(b), the Fourth Circuit ultimately held that the reasoning behind *Frow*, which applied to cases involving joint liability, is also applicable in cases involving joint and several liability. *Peerless*, 374 F.2d at 944.

Other circuits have not interpreted *Frow* as broadly as the Fourth Circuit. *Jefferson*, 461 F. Supp. 2d at 434-35 (including a footnote providing cases holding *Frow* inapplicable to joint and several liability). The Seventh Circuit reasoned that Frow's holding was based on the "desire to avoid logically inconsistent adjudications as to liability." *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1257 (7th Cir. 1980). The court continued, "[W]hen different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking." *Id.* at 1257-58. It held "*Frow* does not preclude the entry of default judgment . . . where liability is joint and several." *Id.* at 1258.

Plaintiff, in its objection, contends, against the backdrop of an apparent circuit split, that *Peerless* can be distinguished on its facts—that it is really the risk of logically inconsistent judgments that "drives the outcome." Pl.'s Obj. 6-7. To that end, Plaintiff points out that, in light of its allegations, that "there is no possibility that any logically inconsistent judgment would result should this Court enter default judgment against the defaulting defendants." Pl.'s Obj. 8. However,

6

while Plaintiff may indeed be correct regarding the lack of a possibility of logically inconsistent judgments as to *liability*, Plaintiff fails to mention the inconsistencies that an entry of a default judgment could create as to *damages*.

In *In re Uranium*, the Seventh Circuit, after holding *Frow* was inapplicable in cases of joint and several liability, discussed the "possible inconsistency . . . that there could be two distinct damages awards on a single claim involving joint and several liability." 617 F.2d at 1262. That same problem presents itself here, where a jury could conceivably find Plaintiff entitled to a sum of damages from the answering defendants different than the $11,606,747.40[5] that Plaintiff seeks from the defaulting defendants. Interestingly, the Seventh Circuit held as follows:

> [The plaintiff] may not split its claim and proceed to damages against the defaulters and then proceed to a separate damages award against the answering defendants. [The plaintiff] has chosen to initiate a single claim involving joint liability. That claim must be concluded just as it began—as one action.

*Id.* But rather than reverse the entry of the default judgment, the court found a stay of the determination of damages was appropriate—"until the entire claim is resolved." *Id.*

The Tenth Circuit, citing both *Peerless* and *In re Uranium*, brought the issue full circle in *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985). There, a district court entered a judgment of default against a defendant and awarded damages. *Id.* at 146. When that defendant moved to vacate the judgment under *Frow*, the district court denied the motion. *Id.* at 147. The Tenth Circuit reversed the ruling, relying on the above reasoning from *In re Uranium*. *Id.* at 148. The court reasoned that "[w]hether or not *Frow* is controlling, we agree with the Seventh Circuit that just as consistent verdict determinations are essential among joint and several tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors." *Id.*

---

[5] This figure represents Plaintiff's alleged sum certain of its total loss. Plaintiff also requests that the Court treble this amount to the sum of $34,820,242.20.

7

This Court is persuaded by *Hunt* and *In re Uranium* and thus cannot find that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b); *Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp*, No. 97-510-A, 1998 WL 526770 (E.D. Va. April 16, 1998) ("[C]ircuit courts[6] have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.") (citing *Hunt*, 770 F.2d at 147-48). Because Plaintiff alleges a claim involving joint and several liability, the "claim must be concluded just as it began—as one action." *In re Uranium*, 617 F.2d at 1262. The risk of inconsistent damages awards must be avoided. Accordingly, the Court finds no error in the Magistrate Judge's overall recommendation, and Plaintiff's objection is overruled.

## Conclusion

The Court has thoroughly reviewed the record, including the R&R, the objection to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objection and adopts the R&R of the Magistrate Judge as modified herein.[7]

**IT IS THEREFORE ORDERED** that Plaintiff's motion for default judgment against the defaulting defendants is **DENIED** *without prejudice* as premature.

---

[6] In addition to citing the Tenth Circuit, the district court in *Anita's* cites the Seventh Circuit, *Dundee Cement Co. v. Howard Pipes & Concrete Prods., Inc.*, 722 F.2d 1319, 1324 (7th Cir. 1983), and the Eighth Circuit, *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992), for similar holdings.

[7] To the extent the Magistrate Judge's conclusion is based on a finding that logically inconsistent judgments as to liability are possible, the R&R is adopted only in result. Having made a finding as to damages, the Court need not make a finding as to liability.

**IT IS SO ORDERED.**

                                                                s/ R. Bryan Harwell
                                                                R. Bryan Harwell
                                                                United States District Judge

August 13, 2012
Florence, South Carolina