UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RBC BANK (USA), | ) | Civil Action No.: 4:11-cv-0124-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| THOMAS DARIN EPPS, et al; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.     INTRODUCTION**

Presently before the court is Plaintiff's Motion for Hearing (Document # 120) against Defendants Alvin H. Shuman and McKean Properties and Plaintiff's Second Motion to Compel (Document # 135) against Defendants Alvin H. Shuman and McKean Properties.[1]  A hearing was held on July 26, 2012.  Counsel for Plaintiff was present.  Counsel for Defendants Alvin Shuman and McKean Properties was not.

**II.    PROCEDURAL HISTORY**

Plaintiff has served two sets of discovery requests on Defendants Shuman and McKean Properties.  The first set of discovery requests was served on April 29, 2011.  After these Defendants failed to respond to the first set of discovery requests, Plaintiff filed a Motion to Compel (Document # 101), to which these Defendants did not respond.  The undersigned entered an Order (Document # 131) granting the Motion to Compel and directing these Defendants to respond to Plaintiff's first set of discovery requests within ten days of the date of the Order.  These Defendants failed to comply with the Order directing them to respond, prompting Plaintiff to file its Second Motion to Compel (Document # 135), which is presently before the court.  In its Second Motion to Compel, Plaintiff

---

[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636.

also seeks sanctions pursuant to Rule 37, Fed.R.Civ.P., including striking these Defendants' Answer and entering default against them.

Plaintiff also served a second set of discovery requests to these Defendants on November 1, 2011, to which they failed to respond. Plaintiff filed its Motion for Hearing (Document # 120), asking for a telephone conference to discuss these Defendants' failure to respond to discovery.

On June 21, 2012, the undersigned scheduled a hearing on Plaintiff's Second Motion to Compel and Motion for Hearing for July 12, 2012. On July 11, 2012, the undersigned's law clerk emailed counsel for Plaintiff and these Defendants to determine whether the discovery disputes had been resolved. Counsel for Plaintiff advised that he still had not received any responses to his discovery requests. Counsel for these Defendants represented that he had the information necessary to respond to the discovery requests and could have them to counsel for Plaintiff within ten days. Based upon this representation, the undersigned rescheduled the hearing for July 26, 2012, to allow Defendants to provide responses to Plaintiff within ten days. On July 24, 2012, counsel for Plaintiff informed the undersigned's law clerk via email that he still had not received any discovery responses from these Defendants. On July 26, 2012, the day of the hearing, counsel for these Defendants informed the law clerk via email that he had mailed the discovery responses on July 23, 2012, and he would not be present at the hearing due to a conflict in family court.

During the hearing, the undersigned directed counsel for Plaintiff to file an Affidavit setting forth his attorney's fees and expenses related to these discovery issues as well as an Affidavit indicating whether he receives these Defendants' discovery responses and, if so, whether they are responsive to his requests. Counsel for Plaintiff filed Affidavits (Documents # 183, 184) on July 27, 2012, setting forth his attorney's fees as well as indicating that he had not yet received any discovery responses.

On August 1, 2012, counsel for Plaintiff filed another Affidavit (Document # 188), in which he states that he received the discovery responses at issue on July 30, 2012, in an envelope without a postmark date. He averred that the responses were "unresponsive, incomplete, inaccurate and wholly inadequate." Dreifus Aff. ¶ 3.

## III.     AWARD OF ATTORNEY'S FEES UNDER RULE 37

Under the plain language of Rule 37(d), an award of attorney's fees is mandatory upon a failure to comply with Rules 33 and 34, unless the failure was substantially justified or an award of expenses would otherwise be unjust:

> The court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. . . . Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[2] **Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.**

Rule 37(d) (emphasis added). Subsection (b) of Rule 37 also provides sanctions and mandatory attorney's fees for failure to obey a court order compelling discovery. Rule 37(b)(2), Fed.R.Civ.P.

These Defendants failed to respond to Plaintiff's first set of discovery requests, failed to respond to the Motion to Compel, failed to comply with the Court's order directing them to respond to the discovery requests, failed to respond to the Second Motion to Compel and failed to appear at the hearing scheduled on the Second Motion to Compel. These Defendants have made no attempt to show that their failure to respond to Plaintiff's discovery requests for over a year and in spite of

---

[2]Rule 37(b)(2)(A)(i)-(vi) includes orders (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; and (vi) rendering a default judgment against the disobedient party.

two motions to compel and a court order was substantially justified or that an award of expenses would be unjust. See Advisory Committee Note to 1970 Amendments to Rule 37 (explaining that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). Accordingly, an award of attorney's fees and expenses incurred by Plaintiff as a result of these Defendants' failure to response to Plaintiff's first set of discovery requests is proper.

Thomas Ogburn, counsel for Plaintiff, avers that he and other attorneys and staff members at Poyner Spruill, LLP, spent 30.3 hours and incurred $8,489.00 in legal expenses as a result of these Defendants' failure to respond to Plaintiff's first set of discovery requests. Ogburn Aff. ¶ 5. The undersigned has reviewed the Affidavit and finds $3,864.00 of the expenses to reasonable.[3] Thus, Plaintiff is entitled to an award of attorney's fees and expenses in the amount of $3,864.00 pursuant to Rule 37 against Defendants Alvin H. Shuman and McKean Properties and their attorney, Marshall Biddle, Esq., jointly and severally. Payment should be made to Plaintiff within thirty (30) days of the date of this Order.

As noted above, following two motions, a court order, and a hearing, these Defendants served responses to Plaintiff's first and second set of discovery requests. Counsel for Plaintiff filed an Affidavit, in which he avers that these Defendants' responses were insufficient. Based upon the Affidavit and pursuant to Rule 37, it appears that further sanctions, up to and including striking these Defendants' Answer, as well as additional attorney's fees, may be appropriate. Thus, within ten (10) days of the date of this Order, these Defendants are directed to file a Response to the Affidavit (Document # 188) and address whether additional sanctions under Rule 37 are appropriate in this case.

---

[3] Whether the additional attorney's fees set forth in entries 12-20 of the chart in Ogburn's Affidavit (Document # 184) should be awarded will be determined at a later date, as set forth below.

-5-

## IV.     CONCLUSION

For the reasons stated above, Plaintiff is awarded attorney's fees in the amount of $3,864.00, to be paid by Defendants Alvin H. Shuman and McKean Properties and their attorney, Marshall Biddle, Esq., jointly and severally, within thirty (30) days of the date of this Order.  In addition, within ten (10) days of the date of this Order, these Defendants are directed to file a Response to the Affidavit (Document # 188) and address whether additional sanctions under Rule 37 are appropriate in this case.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 22, 2012
Florence, South Carolina