IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RBC BANK (USA), ) | Civil Action No.: 4:11-cv-00124-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THOMAS DARIN EPPS, DUNES ) | |
| MORTGAGE LLC, SYNERGY ) | |
| INVESTMENT GROUP LLC, JEREMY ) | |
| EASON, JJE ENTERPRISES LLC a/k/a J&J ) | |
| ENTERPRISES, MALIA MCCAFFREY, ) | |
| PRODIGY CONSULTING, LLC, LINDA L. ) | |
| STEELE, LINBRANDT, LLC, JOSEPH ) | |
| GRAY, JACQUELINE GRAY, WEST ) | |
| COAST FUNDING, LLC, THERESA ) | |
| FESCHUK, MAJ, LLC, ZAG, LLC, ALISSA ) | |
| SMITH, EAST COAST FUNDING, LLC, ) | |
| CASA MIA, INC. a/k/a/ CASA MIA ) | |
| DEVELOPMENT, LLC, J&M MORTGAGE ) | |
| SERVICES, INC. a/k/a/ CHALLENGE HOME ) | |
| EQUITY, MIKE WIMBERLY, ZEREKO ) | |
| NEVADA, INC., YOUVAL GERINGER, ) | |
| STONEGATE PROPERTIES, INC., JOHN M. ) | |
| WARNER, JR., WARFIN DEVELOPERS, ) | |
| LLC, THERON FLOYD, TRINITY ) | |
| DEVELOPMENT, LLC, LARRY PROSSER, ) | |
| DUPLEX DEVELOPMENT, INC., JOHN ) | |
| MARKS, ACTION BUILDERS OF MYRTLE ) | |
| BEACH, LLC, DAVID L. BRIDGES, JR., ) | |
| ALVIN H. SHUMAN, MCKEAN ) | |
| PROPERTIES, LLC, DAVID THOMAS HIX, ) | |
| JR., MYRTLE BEACH VILLAS, LLC, ) | |
| DAVID O'CONNELL, JEFFERY TODD ) | |
| SHOUP, ATLANTIS VILLAS OF NMB, ) | |
| LLC, MATTHEW SKINNER, and BILLY ) | |
| JAMES BARFIELD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 55.01, on the Plaintiff's Renewed Motion for Default Judgment against Defendants Dunes Mortgage LLC, Jeremy Eason, Thomas Darin Epps, Malia McCaffrey, Zereko Nevada Inc., Casa Mia Inc., East Coast Funding LLC, Theresa Feschuk, JJE Enterprises LLC, Linbrandt LLC, MAJ LLC, Prodigy Consulting LLC, Alissa Smith, Linda L. Steele, Synergy Investment Group LLC, West Coast Funding LLC, ZAG LLC, Billy James Barfield, Youval Geringer, David Thomas Hix, Jr., Myrtle Beach Villas LLC, and Mike Wimberly.[1]

The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings and detailed affidavits submitted. *See* Fed. R. Civ. P. 55(b)(2) ("The Court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("[I]n some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing."). "If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing." *JTH Tax, Inc. v. Smith*, No. 2:06-cv-76, 2006 WL 1982762, at *2 (E.D. Va. June 23, 2006).

The Court finds that the above named Defendants were properly served and that default was properly entered against them pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. By

---

[1] All other captioned defendants either answered and were voluntarily dismissed from the action, or were never served within 120 days pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and thus dismissed by the Court.

virtue of the entry of default, the allegations of the Plaintiff's well-pleaded Complaint are deemed admitted, including the allegations that the Defendants' violations were willful.

The Court has reviewed the Plaintiff's submissions. The Court finds the admitted allegations of the well-pleaded Complaint, the Affidavit of Hayley Webster, the Affidavit of David Dreifus, and the other pleadings and matters contained in the Court's file provide a reasonable basis upon which to rest an award of damages that is easily computable. Therefore, the Court finds that the Plaintiff is entitled to have and recover of these defaulting defendants, jointly and severally, damages in the principal amount of $10,487,828.46. Furthermore, pursuant to both 18 U.S.C. § 1964(c) and S.C. Code Ann. § 39-5-140, the Court finds that the Plaintiff is further entitled to recover treble damages, totaling $31,463,485.38.

**IT IS THEREFORE ORDERED** that the Plaintiff's motion for default judgment is **GRANTED**, and Judgment be entered in favor of the Plaintiff. The Plaintiff shall have and recover from Defendants Dunes Mortgage LLC, Jeremy Eason, Thomas Darin Epps, Malia McCaffrey, Zereko Nevada Inc., Casa Mia Inc., East Coast Funding LLC, Theresa Feschuk, JJE Enterprises LLC, Linbrandt LLC, MAJ LLC, Prodigy Consulting LLC, Alissa Smith, Linda L. Steele, Synergy Investment Group LLC, West Coast Funding LLC, ZAG LLC, Billy James Barfield, Youval Geringer, David Thomas Hix, Jr., Myrtle Beach Villas LLC, and Mike Wimberly, jointly and severally, the principal amount of $31,463,485.38.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

January 2, 2013  
Florence, South Carolina